# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3347 | **DATE** | 6/6/2011 |
| **CASE TITLE** | Yaphet Castile (2010-0906173) v. Marecie, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is denied. The Court dismisses the complaint on file without prejudice for failure to exhaust administrative remedies. This case is closed.

■ [For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form

---

## STATEMENT

     Plaintiff, Yaphet Castile, a pretrial detainee at Cook County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* is incomplete because it is not certified by a trust find officer and the trust fund account statement attached to his motion does not contain information for the 6-month period immediately preceding the filing of the complaint. However, as discussed below, because the Plaintiff's complaint is dismissed without prejudice for failure to exhaust his administrative remedies, the Court will not require Plaintiff to submit an amended motion for leave to proceed *in forma pauperis*.

     Plaintiff alleges that on April 25, 2011, he was assaulted by several correctional officers. He alleges that he filed a grievance regarding the incident but he has not yet received a response. However, the alleged incident occurred on April 25, 2011, and he submitted his complaint (based on the postmark) on May 16, 2011.

     Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

     A prisoner/detainee must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37 (emphasis added). While failure to exhaust is normally an affirmative defense, in this case, plaintiff's failure to exhaust appears on the face of the complaint and is supported by his exhibit. Failure to plead exhaustion mandates dismissal of the prisoner's claim without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

| | JJD |
|---|---|

# STATEMENT

To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the *prison's* administrative rules require." *Pozo*, 286 F.3d at 1025 (emphasis added); *see also Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25. Furthermore, exhaustion is required even if the prisoner believes that the process would be futile. *See Booth v. Churner*, 532 U.S. 731, 734, 741 n. 6 (2001); *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006) (exhaustion is required if the administrative body (1) was empowered to consider the complaint and (2) could take some action in response to it).

Here, Plaintiff affirmatively pleads that he has not fully exhausted his administrative remedies but states that they have not responded to his grievance. However, he must give the facility a reasonable opportunity to do so. Plaintiff filed suit within three weeks of the incident that is the subject of the suit. Plaintiff is required to fully exhaust the available administrative remedies even if he believes that exhausting such administrative remedies has not been timely, would be futile or is unnecessary. Accordingly, the complaint is dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff must file a new suit that post-dates the full administrative exhaustion procedure. *See Ford*, 362 F.3d at 401. Accordingly, Plaintiff's complaint is dismissed without prejudice. If Plaintiff wishes to proceed on his claims he must file a new law lawsuit following ful exhaustion.